Luke W. Reese, OSB No. 076129
lreese@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
1011 Commercial Street N.E.
Salem, Oregon 97301-1049
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Defendant G4S Secure Solutions (USA) Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAVID PITTS,<br><br>                      Plaintiff,<br><br>vs.<br><br>G4S SECURE SOLUTIONS (USA) INC.,<br>a foreign business corporation;<br>STEWART BECKER, an individual;<br>PAUL TRAYNOR, an individual; and<br>FACEBOOK, INC., a foreign business<br>corporation,<br><br>                      Defendants. | No.     3:20-cv-00074-AC<br><br>**MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS CLAIMS THREE, FIVE, SIX, AND SEVEN OF PLAINTIFF'S COMPLAINT** |

    Consistent with Federal Rule of Civil Procedure 12(b)(6), G4S Secure Solutions (USA) Inc.; Stewart Becker; Paul Traynor; and Facebook, Inc. ("Defendants") respectfully move this Court to dismiss Claims Three, Five, Six, and Seven of Plaintiff's Complaint, because (1) in Claim Three, Plaintiff alleges facts insufficient to state a claim for association discrimination; (2) in Claim Five, he fails to attribute any action to Messrs. Becker and Traynor to establish a claim for aiding and abetting; (3) in Claim Six, Plaintiff cannot establish a duty owed by Facebook in support of his negligence claim because Facebook was not Plaintiff's employer at any relevant time; and (4) in Claim Seven, he was not an intended third party beneficiary to the Security Services Agreement between G4S and Facebook and, as a result, is unable to establish a claim for breach of contract.

## I. INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Plaintiff, who was ultimately terminated after hurling a computer at a coworker, began his employment with G4S on June 23, 2017. G4S employed Plaintiff as a shift supervisor at the Facebook facility in Prineville, Oregon. Plaintiff was subsequently promoted to site supervisor in October of 2017. In the fall of 2018, G4S engaged in a national restructuring of its business operations to downsize managerial staff and organize their regional offices in a more efficient manner. As part of the restructuring, over 180 G4S employees were laid off as part of a reduction in force and over 800 employees' jobs were affected nationwide. In the Portland office, the restructuring impacted 19 employees. On July 14, 2018, Plaintiff's role of site supervisor was eliminated as part of G4S's national restructuring, combined with his inability or unwillingness to work productively with other employees on site.

Following Plaintiff's deplorable behavior towards his coworker, Plaintiff now desperately seeks to recover against G4S (his former employer), Messrs. Traynor and Becker (his former supervisors), and even Facebook (with whom he had no relationship) for his lawful separation as part of G4S's reduction in force. As Defendants will demonstrate, Plaintiff cannot establish he experienced unlawful treatment, and his assortment of claims for association discrimination, retaliation, aiding and abetting discrimination, negligence, and breach of contract are entirely without merit and must be dismissed.

## II. LEGAL STANDARD

A complaint must be dismissed when it fails to state a plausible claim for relief. Fed. R. Civ. P. 12 (b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is a two-step test: *first*, plaintiff's legal conclusions must be disregarded. *Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)*. *Second*, the court must be able to identify credible facts supporting each element of plaintiff's claims. *Id.* Because Plaintiff's Complaint fails to meet this pleading standard, his Complaint should be partially dismissed.

### A. Plaintiff's Complaint Fails To Identify A Single Fact In Support Of His Third Claim Against G4S for Association Discrimination.

Plaintiff's Third Claim for association discrimination against G4S is a classic example of what the Court intended to prevent in *Iqbal* in that Plaintiff offers only "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. 662, 678 (2009). In support of his claim for association discrimination Plaintiff alleges that, "G4S discriminated against [him] in the terms, conditions or privileges of his employment because of his association with Hispanic security officers...." ECF No. 1, p. 6. However, Plaintiff fails to offer any substantive facts as to how G4S allegedly discriminated against him because of his association with Hispanic security officers. Instead, Plaintiff makes vague and conclusory allegations that he was "otherwise discriminated against." *See Id.* at 5. In this Court, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Here, Plaintiff's Complaint lacks the underlying facts to state a prima facie case of discrimination under ORS 659A.030(b). *See Bahri v. Home Depot USA, Inc.*, 242 F. Supp. 2d 922, 930 (Or. D. 2002). Given that Plaintiff did not experience discrimination for his association with Hispanic G4S employees, his failure to identify even a single instance of discrimination is telling and should warrant dismissal of his Association Claim.

### B. Plaintiff Cannot Maintain His Fifth Claim For Aiding and Abetting Because He Fails To Attribute Any Action To Becker and Traynor.

In addition to the lack of facts supporting his discrimination by association claim, Plaintiff fails to attribute any action or inaction by Messrs. Becker and Traynor. Instead, Plaintiff alleges simply that Messrs. Becker and Traynor "aided, abetted, incited, compelled or coerced Defendant G4S's unlawful practices set forth above" ECF No. 1, p. 7. Because the

unlawful practices alleged in the Complaint bear no relation to Messrs. Becker and Traynor individually, dismissal of Plaintiff's Fifth Claim for Aiding and Abetting Claim is appropriate.

In *Hernandez*, this Court held that hollow assertions, which fail to attribute any action to or otherwise implicate an individual defendant, must be dismissed. Specifically, conclusory allegations that the individual defendants "...violated ORS 659A.030(1)(g) by aiding, abetting, inciting, compelling and/or coercing discrimination and retaliation of Plaintiff, as set forth above"—are not entitled to a presumption of truth, and cannot support a claim for relief." *Hernandez v. FedEx Freight, Inc.*, 2017 U.S. Dist. LEXIS 115404 * 14 (Or. D. 2017). In *Hernandez*, the plaintiff's complaint contained several facts including, (1) that the individual defendant was the facility manager and plaintiff's supervisor; (2) that plaintiff had disclosed a disability to the individual defendant; (3) that the individual defendant acknowledged and assisted plaintiff with his FMLA application; and (4) the individual defendant had terminated the plaintiff and refused to provide him with the termination paperwork. *Id.* at 10-11. The Court noted, the insufficiency of the allegations became "especially apparent" when following *Iqbal's* procedure for isolating specific factual allegations against a particular defendant...and disregarding the allegations made generally as to [the employer] and not against [the individual defendant]." *Id.* at 11. Despite the supporting facts, this Court dismissed the plaintiff's aiding and abetting claim against individual defendants for failing to meet the pleading standard. *Id.*

Here, Plaintiff's Complaint falls far short of the facts pled in *Hernandez*, and alleges merely that Messrs. Becker and Traynor were "managers". *See* ECF No. 1 at 4. Accordingly, Plaintiff's Fifth Claim for aiding and abetting must be dismissed because it does not establish what actions, if any, Messrs. Becker and Traynor took to aid and abet in the unspecified "unlawful practices" Plaintiff asserts in his Complaint.

### C. Plaintiff's Sixth Claim For Negligence Against Facebook Must Be Dismissed Because Facebook Was Not Plaintiff's Employer And Owed Plaintiff No Duty.

Additionally, Plaintiff's Sixth Claim alleging negligence against Facebook should be dismissed because Facebook owed Plaintiff no duty. "To state a claim for negligence under Oregon law, a plaintiff must allege a duty of care owed by the defendant, a breach of that duty, causation, and damages." *Nattell v. Curry County*, 2013 U.S. Dist. LEXIS 136215 *8 (D. Or. Sept. 23, 2013). Since Plaintiff was an employee of G4S and not Facebook, he cannot maintain a claim for negligence against Facebook. *Kelsey v. Goldstar Estate Buyers Corp.*, 2014 U.S. Dist. LEXIS 37361*22-24 (D. Or. Mar. 21, 2014).

In *Kelsey*, the court dismissed a former employee's negligence claim against her employer for purportedly failing to "provide a safe workplace and to train, supervise and/or control its employees to prevent unlawful discrimination, harassment and/or retaliation in the workplace" and failed in carrying out its duty. *Id*. Importantly, the Court explained that "[w]hile the employment relationship and the discrimination statutes may be relied on to establish the duty to plaintiffs, general allegations the duty was breached is not enough. Nor is it sufficient to allege defendants knew of the problems without alleging a factual basis for the knowledge." *Id.* at 23.

Fatal to Plaintiff's claim against Facebook is that Facebook was not Plaintiff's employer. In the absence of an employment relationship, there can be no duty owed to Plaintiff. *Id.* Facebook and G4S are not joint employers because Facebook did not have the right to control Plaintiff's employment. *See Stewart v. Intem, Inc.*, U.S. Dist. LEXIS 21084, 2000 WL 33201873 *2 (D. Or. Aug. 31, 2000) (finding "[j]oint employment is determined from a totality of the circumstances, while considering factors such as authority to hire employees, authority to

fire employees, authority to set conditions of employment, day-to-day supervision of employees, and control of employee records such as payroll, insurance, and taxes.").

Facebook does not satisfy any of the factors for joint employment with G4S. *See* **Exhibit A. Affidavit of Kym Cross**. Specifically, Facebook is not responsible for hiring or firing G4S security officers and G4S maintains responsibility for the conditions of its security officer's daily employment and supervision. *Id.* Finally, Facebook does not participate in controlling payroll, insurance or taxes. *Id.* Thus, not only does Plaintiff's Complaint plead insufficient facts to state a plausible claim for relief, but Plaintiff also cannot establish an employment relationship with Facebook to form a basis for a duty owed. *Id.*; *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009).

### D. *Plaintiff's Seventh Claim For Breach Of Contract Must Be Dismissed Against G4S and Facebook Since Plaintiff Was Not An Intended Third-Party Beneficiary Of the Service Agreement.*

Plaintiff incorrectly asserts that "Facebook and G4S intended the Security Services Agreement to benefit third parties, including Plaintiff, in regard to the maintenance of a safe and non-discriminatory workplace." ECF No. 1, p. 8. While G4S and Facebook both have an interest in maintaining a workplace free of discrimination, the manner in which G4S and Facebook carry out that interest is not through the Security Services Agreement. Plaintiff's misunderstanding of Facebook and G4S's Security Services Agreement is fatal to his claim for breach of contract.

In order to sue as a third-party beneficiary of a contract, "the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206 (D. Or. 2001). Here, Plaintiff was not an intended third-party beneficiary to the contract between G4S and Facebook and Plaintiff's apparent belief that he was is simply unreasonable. Rather, "[t]he intended beneficiary

/ / / /

/ / / /

must fall within a class clearly intended by the parties to benefit from the contract. One way to ascertain such intent is to ask whether the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him or her." *Id.*

In this case, Plaintiff cannot establish he was within the class intended to benefit from the Security Services Agreement. The Security Service Agreement governs the relationship between Facebook and G4S and the scope of security services G4S provides. The Security Service Agreement, however, was not entered for the purpose of ensuring a non-discriminatory workplace for G4S employees. Rather, G4S policies applicable specifically to G4S employees are in place to ensure a workplace free from discrimination for G4S employees. Plaintiff failed to utilize those procedures and now relies on an attenuated theory based on an agreement between two corporate entities wholly inapplicable to Plaintiff. In short, Plaintiff's reliance on the Security Services Agreement is misplaced and unreasonable.

If Plaintiff received any benefit from the Security Services Agreement, it was as an incidental beneficiary. Specifically, the Security Services Agreement was entered for the benefit of G4S and Facebook. Any advantage that Plaintiff alleges to have received from the Security Services Agreement was unintentional. Under well-established principles of contract law, incidental beneficiaries have no right to enforce a contract. *Id.* As such, Plaintiff cannot maintain a breach of contract claim against G4S or Facebook as an incidental beneficiary of the Security Service Agreement and his claim should be dismissed.

### III. CONCLUSION

Consistent with Fed. R. Civ. P. 12(b)(6), G4S, Messrs. Becker and Traynor, and Facebook respectfully request this Court dismiss Claims Three, Five, Six, and Seven of Plaintiff's Complaint for the following reasons: (1) Plaintiff's Third Claim fails to state facts that support a cause of action for association discrimination; (2) Plaintiff's Fifth Claim for aiding

and abetting must fail because he does not attribute any action to Messrs. Becker and Traynor; (3) Plaintiff is unable to maintain his Sixth Claim for negligence because he cannot establish a duty owed by Facebook; and (4) Plaintiff was not an intended third-party beneficiary to the Security Services Agreement between G4S and Facebook, which is fatal to his Seventh Claim for breach of contract.

Respectfully submitted,

s/ Luke Reese
Luke Reese
OSB No. 076129
Garrett Hemann Robertson P.C.
Willamette Professional Center
1011 Commercial St. NE
Salem, Oregon 97301
(503) 581-1501
lreese@ghrlawyers.com
*Counsel for Defendants*

s/ Kelly Eisenlohr-Moul
Kelly Eisenlohr-Moul (*Pro Hac Vice*)
Dinsmore & Shohl LLP
1100 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: 470-300-5337
Email: kelly.eisenlohr-moul@dinsmore.com
*Counsel for Defendants*

Dated February 3, 2020

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS CLAIMS THREE, FIVE, SIX, AND SEVEN OF PLAINTIFF'S COMPLAINT** on the date indicated below,

[X]  Via First-Class Mail with postage prepaid
[X]  Via Electronic Filing
[ ]  Via Hand Delivery
[ ]  Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

>Philip R. Anderson
>Philip R. Anderson, P.C.
>747 SW Mill View Way
>Bend OR 97702
>*OSB No. 952023*
>*Phone: (541) 323-3977*
>*phil@praattorney.com*
>Of Attorneys for Plaintiff

DATED February 3, 2020.

GARRETT HEMANN ROBERTSON P.C.

*s/ Luke W. Reese*
Luke W. Reese
OSB No. 076129
Phone: 503-581-1501
Fax: 503-581-5891
lreese@ghrlawyers.com
Of Attorneys for Defendants

DINSMORE & SHOHL LLP

*s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul (*Pro Hac Vice*)
Phone: 470-300-5337
kelly.eisenlohr-moul@dinsmore.com
Of Attorneys for Defendants

4845-6024-5427, v. 1