IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAVID PITTS,**

                Plaintiff,

    v.

**G4S SECURE SOLUTIONS (USA) INC.**, a foreign business corporation; **STEWART BECKER**, an individual; **PAUL TRAYNOR**, an individual; and **FACEBOOK, INC.**, a foreign business corporation,

                Defendants.

Case No. 3:20-cv-00074-AC

OPINION AND ORDER

**MOSMAN, J.,**

On May 26, 2020, Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R") [ECF 18], recommending that I GRANT in part and DENY in part Defendants' Motion to Dismiss [ECF 8]. Specifically, he recommended that Plaintiff's third and fifth claims should be dismissed with leave to amend but that Defendants' motion with respect to Plaintiff's sixth and seventh claims should be denied. Defendants filed objections in which they contest only Judge Acosta's recommendation regarding the seventh claim. [ECF 20]. Plaintiff responded. [ECF 25]. Upon review, I agree with Judge Acosta, and I adopt his F&R [18] in full.

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge

1   —   OPINION AND ORDER

...

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Plaintiff's seventh claim alleges that G4S and Facebook breached a Security Services Agreement ("Agreement") of which he was a third-party beneficiary. F&R [18] at 13. In their Motion to Dismiss, Defendants argued that the language of the Agreement shows that Plaintiff was not an intended third-party beneficiary of the Agreement, and thus Plaintiff's breach claim should be dismissed. *Id.* at 14; Defs.' Mem. [ECF 9] at 6. Defendants acknowledged that the Agreement constitutes evidence that is extrinsic to the pleadings, but they argued that it could be considered on a 12(b)(6) motion under the incorporation by reference doctrine. *See* Reply [ECF 15] at 4. The problem was that Defendants never actually submitted the Agreement to the court as evidence; they just described it in their briefing. F&R [18] at 15. Judge Acosta acknowledged that if Defendants had submitted the Agreement, he would have considered it given that it was referenced in Plaintiff's complaint and is central to his claim. *Id.* But given that the Agreement was never submitted, Judge Acosta accepted Plaintiff's pleadings as true and denied Defendants' motion to dismiss the seventh claim. *Id.*

Having missed the boat the first time around, Defendants have now filed the Agreement and reassert their argument to dismiss the seventh claim via their objections to the F&R. Obj. [20] at 3-4; Agreement [ECF 23]. But, as Plaintiff points out, Defendants have stumbled yet again. Objections to Judge Acosta's F&R were due on June 9, 2020. [ECF 19]. While Defendants submitted their objections on time, they did not submit the Agreement—described as an exhibit to their objections—until June 22, 2020. [ECF 23]. The question is whether I should accept this doubly late submittal and take up Defendants' argument with the Agreement in hand. I choose not to.

If I were to accept the late submission of the Agreement, I would have two options for how to proceed. I could send the matter back to Judge Acosta, who would have to re-review Defendants' motion with the Agreement as reference and then re-issue a new Findings and Recommendation. Alternatively, I could skip that step and review Defendants' motion to dismiss myself, essentially from scratch. Both options would burden the court and erase the judicial economy gained from having a magistrate judge handle the motion in the first instance.

Defendants had plenty of time to submit the Agreement to the court before Judge Acosta issued his F&R. And they had another opportunity to submit it on time when filing their objections. Ostensibly, part of the delay was due to Defendants' desire to work out a stipulated protective order with Plaintiff, given that the Agreement contained confidential information. Obj. [20] at 4 n.1. While I recognize the importance of the confidentiality of the Agreement, there were many avenues Defendants could have taken to submit the Agreement under a protective order in a timely manner (e.g., file a motion for extension of time, negotiate the stipulated protective order sooner) yet they availed themselves of none of them.

3   —   OPINION AND ORDER

With the Agreement still out of the picture, Plaintiff's allegation that he is a third-party beneficiary to the Agreement is taken as true, as described by Judge Acosta. As a result, I agree with Judge Acosta's recommendation.

## CONCLUSION

Upon review of the F&R, I agree with Judge Acosta's analysis and conclusions. Therefore, I ADOPT his F&R [18] in full. I GRANT Defendants' Motion to Dismiss [8] Plaintiff's third and fifth claims with leave to amend and DENY Defendants' Motion with respect to Plaintiff's sixth and seventh claims.

IT IS SO ORDERED.

DATED this 31st day of July, 2020.

MICHAEL W. MOSMAN
United States District Judge